AF Approval                                        Chief Approval

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                CASE NO.   8: 19-cr-259-T-33JSS

JAMES O'BRIEN

**PLEA AGREEMENT**

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by Maria Chapa Lopez, United States Attorney for the Middle District of Florida, and the defendant, James O'Brien, and the attorney for the defendant, Augustus Invictus, mutually agree as follows:

**A.   Particularized Terms**

1.   Counts Pleading To

The defendant shall enter a plea of guilty to Counts One through Four of the Information. Each count charges the defendant with making a false statement to the Department of Defense and United States Transportation Command, in violation of 18 U.S.C. § 1001(a)(3).

2.   Maximum Penalties

Each count carries a maximum sentence of five years' imprisonment, a fine of $250,000, a term of supervised release of not more than three years, and a special assessment of $100 per felony count for individuals. With

1

Defendant's Initials _____

respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the offense, and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offense(s), or to the community, as set forth below.

3. Elements of the Offense

The defendant acknowledges understanding the nature and elements of the offense with which defendant has been charged and to which defendant is pleading guilty. The elements of each count are:

First: the defendant made a document, as charged;

Second: the document was false;

Third: the falsity concerned a material matter;

Fourth: the defendant acted willfully, knowing that the document was false; and

Fifth: the false document was made or used for a matter within the jurisdiction of a department or agency of the United States.

4. Venue and Indictment Waiver

Defendant will waive venue and the right to be charged by way of indictment before a federal grand jury.

5. No Further Charges

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida and the Department of

2

Defendant's Initials _____

Justice, Criminal Division, Fraud Section agrees not to charge defendant with committing any other federal criminal offenses known to the United States Attorney's Office or the Fraud Section, including the defendant's dealings with Tigers International, at the time of the execution of this agreement.

6. Mandatory Restitution to Victim of Offense of Conviction

Pursuant to 18 U.S.C. § 3663A(a) and (b), defendant agrees to make full restitution to the victim, that being, the Department of Defense and United States Transportation Command.

7. Guidelines Sentence

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will recommend to the Court that the defendant be sentenced within the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines, as adjusted by any departure the United States has agreed to recommend in this plea agreement. The parties understand that such recommendations are not binding on the Court and that, if any of the recommendations are not accepted by this Court, neither the United States nor the defendant will be allowed to withdraw from the plea agreement, and the defendant will not be allowed to withdraw from the plea of guilty.

3

Defendant's Initials _____

8. <u>Adjusted Offense Level</u>

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will recommend to the Court that the defendant's adjusted offense level be calculated as follows:

| Guideline | Description | Levels |
|---|---|---|
| 2B1.1(a)(2) | Base Offense | 6 |
| 2B1.1(b)(1)(D) | Specific Offense Characteristic | 6 (loss of more than $40,000, but less than $95,000 |
| Total Adjusted Offense Level | | 12 |

The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

9. <u>Acceptance of Responsibility - Two Levels</u>

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to

4

Defendant's Initials _____

USSG §3E1.1(a). With this adjustment, the defendant's Adjusted Offense Level will be 10. The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

10. <u>Agreement as to Sentencing Allocution</u>

The parties to this Agreement agree that based upon the agreed adjusted offense level and the defendant's criminal history category (IV), the defendant's estimated Sentencing Guidelines range is 10 months to 16 months (the "Estimated Guidelines Range"). The parties have agreed that a sentence within the Estimated Guidelines Range would constitute a reasonable sentence in light of all of the factors set forth in 18 U.S.C. § 3553(a). However, the defendant reserves the right to seek a sentence below the Estimated Guidelines Range based upon factors to be considered in imposing a sentence pursuant to 18 U.S.C. § 3553(a), and the United States reserves the right to seek a sentence above the Estimated Guidelines Range based on § 3553(a) factors. The estimated applicable fine range is $4,000 to $40,000, and the defendant reserves the right to petition the Court not to impose any applicable fine.

11. <u>Conditions of Release</u>

The United States will not seek a change in the defendant's

release conditions pending sentencing, but the defendant understands the final decision regarding his bond status or detention will be made by the Court at the time of his plea of guilty. The United States will not oppose the defendant's voluntary surrender to commence serving any sentence which is imposed. The United States may move to change the defendant's conditions of release, including requesting that the defendant be detained pending sentencing, if the defendant engages in further criminal conduct prior to sentencing or if the United States obtains information that it did not possess at the time of the defendant's plea of guilty and that is relevant to whether the defendant is likely to flee or pose a danger to any person or the community. The defendant agrees that any violation of his release conditions or any misconduct by him may result in the United States filing an *ex parte* motion with the Court requesting that a bench warrant be issued for his arrest and that he be detained without bond while pending sentencing in this case.

**B.     Standard Terms and Conditions**

    1.     Restitution, Special Assessment and Fine

        The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, shall order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant

6

Defendant's Initials _____

to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement. The defendant further understands that compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (28 U.S.C. § 3003(b)(2)), including, but not limited to, garnishment and execution, pursuant to the Mandatory Victims Restitution Act, in order to ensure that the defendant's restitution obligation is satisfied. On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013. To ensure that this obligation is satisfied, the Defendant agrees to deliver a check or money order to the Clerk of the Court in the amount of $100, payable to "Clerk, U.S. District Court" within ten days of the change of plea hearing. The defendant understands that this agreement imposes no limitation as to fine.

2. Supervised Release

The defendant understands that the offense(s) to which the defendant is pleading provide(s) for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the

7

Defendant's Initials _____

conditions of release, the defendant would be subject to a further term of imprisonment.

3. Immigration Consequences of Pleading Guilty

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

4. Sentencing Information

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count(s) to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

5. Financial Disclosures

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United

8

Defendant's Initials _____

States Attorney's Office within 30 days of execution of this agreement an affidavit reflecting the defendant's financial condition. The defendant promises that his financial statement and disclosures will be complete, accurate and truthful and will include all assets in which he has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, dependent, nominee or other third party. The defendant further agrees to execute any documents requested by the United States needed to obtain from any third parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this Plea Agreement, consents to the release of the defendant's tax returns for the previous five years. The defendant similarly agrees and authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court. The defendant expressly authorizes the United States Attorney's Office to obtain current credit reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

      6.     <u>Sentencing Recommendations</u>

Defendant's Initials _____

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

7. <u>Defendant's Waiver of Right to Appeal the Sentence</u>

The defendant agrees that this Court has jurisdiction over this case, and the authority to impose any sentence up to the statutory maximum. The defendant expressly waives the right to appeal defendant's sentence on

10

Defendant's Initials _____

any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

8. <u>Scope of Agreement</u>

It is further understood that this agreement is limited to the United States Department of Justice, Criminal Division, Fraud Section, and the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

9. <u>Filing of Agreement</u>

This agreement shall be presented to the Court, in open court or <u>in camera,</u> in whole or in part, upon a showing of good cause, and filed in this

11

Defendant's Initials _____

cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

10. <u>Voluntariness</u>

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court

12

Defendant's Initials _____

may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

11. Factual Basis

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth in the attached "Factual Basis," which is incorporated herein by reference, are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

### FACTUAL BASIS

a) James O'BRIEN ("O'BRIEN"), a citizen of the United States and resident of the Eastern District of Virginia, was the President and CEO of Tamerlane Global Services ("Tamerlane") and Artemis Global ("Artemis") between 2013 and 2015 (the "relevant time period").

b) The Synchronized Pre-deployment and Operational Tracker system

13

Defendant's Initials _____

("SPOT") is an electronic database maintained and used by the U.S. Department of Defense (of which U.S. Transportation Command ("TRANSCOM") is a part) and other U.S. government agencies to track contractors deployed overseas in support of U.S. contingency, humanitarian, and peacekeeping missions. U.S. government contractors working on such missions enter their personal information into the SPOT system. The government agency responsible for the deployment then authorizes, and sets conditions on, the contractors' deployment.

c) SPOT generates digitally signed Letters of Authorization ("LOAs") as part of the deployment authorization process. The LOAs serve as proof that a contractor is authorized to be deployed and to perform work in support of a U.S. mission. The LOAs further specify the U.S. government-furnished services (e.g., housing, air transport, meals) that the contractor may utilize, at no additional cost, while deployed. Contractors are required by regulation to carry their LOAs with them at all times while deployed.

d) During the relevant time period, Tamerlane and Artemis employees working on U.S. government contracts, including as a subcontractor on TRANSCOM contract number HTC711-12-D-W013/0001, were deployed overseas, including to Afghanistan, in support of U.S. missions.

e) Tamerlane and Artemis registered its deploying contractors in SPOT, as

14

Defendant's Initials _____

required, and obtained LOAs for them. During the relevant time period, as reflected on their LOAs, and in TRANSCOM contract number HTC711-12-D-W013/0001, Tamerlane and Artemis contractors were not authorized to utilize any U.S. government-furnished services while deployed.

f) O'BRIEN would direct Tamerlane and Artemis employees with access to SPOT, known as SPOT administrators, to download deploying employees' LOAs after the LOAs had been approved by TRANSCOM, and to send the LOAs to him by email. Some of the LOAs were downloaded in the Middle District of Florida. To the extent that the LOAs charged in Counts One to Four were not downloaded in the Middle District of Florida, the defendant waives any challenge to venue in the Middle District of Florida under Rule 18 of the Federal Rules of Criminal Procedure or any other rule or statute.

g) O'BRIEN would use a computer program, or other means, to alter the LOAs to make them appear as if they provided the deploying employees', including himself, with valuable government-furnished services in Afghanistan, knowing that such services had not been authorized under HTC711-12-D-W013/0001.

h) O'BRIEN would send a copy of the LOAs that he had altered to the

15

Defendant's Initials _____

specified employee, by email, prior to the employee's deployment, as set forth in the table below.

| Count | Approximate Date | Description of Altered Document |
|---|---|---|
| 1 | August 28, 2014 | Email from defendant to B.S., attached to which is a falsified LOA for C.B. |
| 2 | August 28, 2014 | Email from defendant to J.W., attached to which is a falsified LOA for J.W. |
| 3 | August 28, 2014 | Email from defendant to I.M., attached to which is a falsified LOA for I.M. |
| 4 | September 25, 2015 | Email from defendant to J.W., attached to which is a falsified LOA for J.W. |

i) At O'BRIEN's direction, deployed Tamerlane and Artemis employees would present the LOAs that O'BRIEN had altered to officials in Afghanistan as evidence of the employees' authorization to utilize valuable government-furnished services at no cost.

12. Entire Agreement

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have be made to the defendant or defendant's attorney with regard to such guilty plea.

16

Defendant's Initials _____

13. <u>Certification</u>

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this 14th day of June, 2019.

MARIA CHAPA LOPEZ
United States Attorney

ROBERT A. ZINK
Acting Chief, Fraud Section
Criminal Division
U.S. Department of Justice

_____
James O'Brien
Defendant

/s/ Michael McCarthy
Michael McCarthy
Trial Attorney, Fraud Section
U.S. Department of Justice

/s/ Augustus Invictus
Augustus Invictus
Attorney for Defendant

_____
Jay G. Trezevant
Assistant United States Attorney
Chief, Economic Crimes Section

17